UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WITHERSPOON, et al.,

        Plaintiffs,

v.

UNKNOWN VINDER, et al.,

        Defendants.
_____/

CASE NO. 2:21-cv-40

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiffs[1] are state prisoners in the custody of the Michigan Department of Corrections. They filed suit against Defendants[2] pursuant to 42 U.S.C. § 1983 alleging that while Plaintiffs were confined at Marquette Branch Prison ("MBP"), Defendants conspired to violate and violated their First and Eighth Amendment rights. (ECF No. 37, PageID.285-288.) Defendants now move for partial summary judgment based on exhaustion. (ECF No. 39.) The Magistrate Judge issued a Report and Recommendation that the Court deny this motion. (ECF No. 52.)

---

[1] Plaintiffs currently include: (1) Norwood Witherspoon, #48429; (2) Devonte Dorsey, #967089; (3) Michael Kelly, #781124; (4) Demetric Thompkins, #575337; (5) Jabari Regains, #600539; (6) Christopher Michael Taylor, #408375; (7) Jaylen McCoy, #793044; (8) Keith Thomas, #436056; (9) Antonio Taylor, #618544, (10) Anthony Wallace, #705595, (11) Larry Stovall, #601852, and (12) Oliver Webb, VI, #283528. (ECF No. 37, PageID.267.)

[2] Defendants currently include: (1) Corrections Officer ("CO") Unknown Binner; (2) CO Unknown Miller; (3) Sergeant ("Sgt.") Unknown Whitlar; (4) Sgt. Unknown Beminster; (5) Prison Counselor ("PC") Rebecca Horrocks; (6) CO Chris Lamentola; and (7) Warden Erica Huss.

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 52) and Defendants' Objection to the Report and Recommendation (ECF No. 53). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge…has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections. Magistrate Judge Vermaat recommends the Court deny Defendants' motion because there are genuine issues of material fact regarding whether the administrative process was available to Plaintiffs Witherspoon, Kelly, Thompkins, Regains, McCoy, Thomas, A. Taylor, Stoval, Webb, and Dorsey, and whether they exhausted the processes that were available to them. (ECF No. 52, PageID.517.) The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct. The Magistrate notes the unique circumstances surrounding Plaintiffs' claims—namely, that all Plaintiffs were housed in administrative segregation during the incidents underlying this case and all Plaintiffs claim that Defendants violated their individual constitutional rights at the same time

2

and in the same manner. (*Id.*, PageID.527.)  As the Magistrate Judge observes, the Defendants concede that two Plaintiffs have exhausted their claims. (*Id.*, PageID.516.)  For those Plaintiffs who had their grievances rejected as non-grievable, the Magistrate Judge correctly rejects Defendants' contention that they were required to appeal that determination.  Magistrate Judge Vermaat also rejected Defendants' argument that Plaintiffs were further required to raise their grievances through the Warden's Forum because there are genuine issues of fact as to whether MDOC P.D. 04.01.150 even applied to Plaintiffs' claim. (*Id.*, PageID.529-31.)  Finally, the Magistrate notes that Defendants fail to address whether Plaintiffs complied with the process provided in MDOC P.D. 04.01.150(A) and that it is Defendants' burden to establish there is no genuine issue of material fact. (*Id.*, PageID.531.)  The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law.

In their objections, Defendants primarily reiterate and expand arguments they have already presented.  Specifically, Defendants object that the Magistrate Judge was incorrect that Plaintiffs cannot exhaust administrative remedies where their initial attempts were rejected as non-grievable. (ECF No. 53, PageID.534).  Contrary to Defendants' assertions, the cases they rely upon are readily distinguishable from this case.  In fact, the very Sixth Circuit case cited by Defendants makes clear that if a complaint is deemed "non-grievable," the prisoner need not appeal in order to exhaust.  *See* ECF No. 53, PageID.534 (citing *Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006)). While Defendants' correctly quote that "so long as the prison system has an administrative process that will review a prisoner's complaint . . . the prisoner must exhaust his prison remedies," the paragraph goes on to explain that the "non-grievability of [Plaintiff's] classification-related complaint through the grievance process makes that remedy unavailable under the PLRA and thus

3

he does not have to pursue that remedy to exhaust his claim." *Owens*, 461 F.3d at 769. The opinion continues that the "fact that [Plaintiff] could have appealed this decision is immaterial because a prisoner is not required to pursue a remedy where the prison system has an across-the-board policy declining to utilize that remedy" for the claim asserted. *Id.* In that case, there was another administrative path available to the plaintiff. Here, Defendants fail to address the key issue raised by Magistrate Judge Vermaat – that MDOC's own policy excludes prisoners in administrative segregation from participation in the Warden's Forum, the very alternative process that they insist Plaintiffs were required to exhaust. Indeed, none of the cases cited by Defendants address prisoners in administrative segregation or whether the process under MDOC. P.D. 04.01.150 was available to Plaintiffs. Nothing in Defendants' objections change the fundamental analysis. For the very reasons the Report and Recommendation details, this Court agrees with the recommendations.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 52) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 39) is **DENIED**.

DATED: January 20, 2023         /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE