UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NORWOOD WITHERSPOON, #484291, et al.,

    Plaintiffs,

v.

    Case No. 2:21-cv-40

    Hon. Robert J. Jonker

UNKNOWN BINNER, et al.,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation, (ECF No. 100), and Plaintiffs'[1] Objections to the Report and Recommendation, (ECF No. 101). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

---

[1] There are twelve Plaintiffs: (1) Norwood Witherspoon, #484291; (2) Devonte Dorsey, #967089; (3) Michael Kelly, #781124; (4) Demetric Thompkins, #575337; (5) Jabari Regains, #600539; (6) Chrisopher Michael Taylor, #408375 ("C. Taylor"); (7) Jaylen McCoy #793044; (8) Keith Thomas, #436056; (9) Antonio Taylor, #6185544 ("A. Taylor"); (10) Anthony Wallace, #705595; (11) Larry Stovall, #601852; and (12) Oliver Webb, IV, #283528. The Court permitted Plaintiffs Witherspoon, Thompkins, Williams, Dorsey, C. Taylor, Wallace, and Stovall to proceed *in forma pauperis* ("IFP"). (ECF No. 6 at PageID.112–15). It denied IFP status to the remaining Plaintiffs.

FED R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and Plaintiffs' Objections.

In this § 1983 action, Plaintiffs—who lived in the same unit at Marquette Branch Prison ("MBP")—bring an array of constitutional claims against Defendants[2] for using pepper balls during a cell extraction of a non-party prisoner in that unit on October 20, 2020.  Plaintiffs apparently all had COVID-19 at the time of the incident, and their core claim is that Defendants' use of pepper balls in a unit full of respiratorily-comprised prisoners and their alleged subsequent refusals to decontaminate the unit and provide the prisoners with medical care violated the Eighth Amendment.  Plaintiffs also assert that Defendants violated the First Amendment because they purportedly engaged in this conduct in order to retaliate against Plaintiffs for previous grievances and complaints they filed about prison conditions.  Judge Vermaat recommends that the Court grant Defendants Binner, Miller, Wittler, Lamentola, and Huss's motion for summary judgment on all of Plaintiffs' claims against them.  (ECF No. 100 at PageID.1124–25).  The Court agrees.

For the same reasons the Magistrate Judge articulated in his careful and thorough Report and Recommendation, there is no genuine dispute of material fact regarding either of these claims and Defendants Binner, Miller, Wittler, Lamentola, and Huss are entitled to judgment as a matter of law.  At the very least, Defendants' conduct did not violate clearly established constitutional law, so they are entitled to qualified immunity.  *See, e.g.*, *White v. Pauly*, 580 U.S. 73, 78–79

---

[2] There are six Defendants: (1) Corrections Officer Unknown Binner; (2) Corrections Officer Unknown Miller; (3) Sergeant Unknown Wittler (spelled "Whitlar" in the Amended Complaint); (4) Sergeant Unknown Beminster; (5) Corrections Officer Chris Lamentola; and (6) Warden Erica Huss.

(2017) (per curiam) (qualified immunity standard). Plaintiffs' Objections to the Magistrate Judge's recommendations are nothing more than repackaged versions of arguments that Judge Vermaat already considered and appropriately rejected, and they have no impact on the Court's analysis.

The Court also agrees with the Magistrate Judge's recommendation that it dismiss Plaintiffs' claims against Defendant Beminster for failure to timely identify and serve process on Beminster as required by FED. R. CIV. P. 4(m). As Judge Vermaat correctly pointed out, there is no record evidence indicating that Plaintiffs have taken *any* steps identify, locate, or otherwise serve Beminster over the past two years.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 100), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Plaintiffs' claims against Defendants Binner, Miller, Wittler, Lamentola, and Huss are **DISMISSED WITH PREJUDICE**.

3. Plaintiffs' claims against Defendant Beminster are **DISMISSED WITHOUT PREJUDICE**.

4. For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

5. This matter is **TERMINATED**.

**IT IS SO ORDERED.**

Dated: May 29, 2024 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE